UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL,

      Plaintiff,

v.                        Case No:  2:24-cv-505-JES-DNF

KERI FITZPATRICK and DAKOTA
CARDENAS,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendants Keri Fitzpatrick and Captain Cardenas's Motion for Summary Judgment (Doc. #28), Hall's Motion for Summary Judgment (Doc. #30), and the parties' respective Responses and Replies (Docs. #31, #32, and #33).

### I.  Background

Hall is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC) who has sued two FCCC officials over an allegedly false and retaliatory disciplinary action.  The following facts are undisputed unless otherwise noted.

On April 17, 2024, Keri Fitzpatrick (Fitzpatrick) heard repeated flushing coming from the library/computer lab resident bathroom and saw Wendall Hall (Hall) in the doorway with the door ajar.  According to Fitzpatrick, Hall's sweatpants were below his waist, and his hand was in his pants.  Hall abruptly removed his

hand from his pants, pulled the pants above his waist, and exited the bathroom area.  Fitzpatrick told Hall to pack his things, leave the computer lab, and expect a write-up.  Hall then left without incident.  Fitzpatrick wrote a behavior management report and requested a review of the CCTV camera footage.  (Doc. #28-1 and #28-5).

Hall's version of events differs in one material way.  He claims Fitzpatrick said she was tired of Hall filing grievances and lawsuits against FCCC staff and would "get [him] for this" by writing a disciplinary report.  (Doc. #30-1).  Fitzpatrick denies saying anything to suggest retaliatory motive.

After reviewing Fitzpatrick's report and the video footage, Captain Dakota Cardenas (Cardenas) cited Hall for violating a rule prohibiting obscene and profane acts or gestures.  In accordance with standard FCCC protocol, Hall was placed in secure management while staff further investigated the incident.  Hall was released to wing restriction 72 hours later.  (Doc. #28-2).  Hall claims Cardenas later came to the confinement cell and said, "I locked you up because you file to [sic] many grievances and lawsuits and you think your [sic] slick, trying to gun Ms. Fitzpatrick."  (Doc. #30-1 at 5).  Cardenas denies telling Hall he was retaliating against him.

A three-person behavior management panel conducted a hearing on April 24, 2024.  According to the written disposition, Hall gave the following statement:

> Number one, I was not served with the disciplinary report.  Never refused it…In regard to the charge…I didn't masturbate, she didn't say I masturbated…A person having their hand in their pants…what she's saying, she never saw my penis…I did not expose myself at all.

(Doc. #28-7 at 2).  The panel found the charge unsubstantiated and dismissed it.  Hall then returned to the FCCC's general population.

## II.  Legal Standard

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The initial burden falls on the movant, who must identify the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists."  Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant.  See Battle v. Bd. of Regents, 468 F.3d 755, 759 (11th Cir. 2006).  But "[a] court need not permit a case to go to a jury…when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'"  Mize v. Jefferson Cty. Bd. of Educ., 93 F.3d 739, 743 (11th Cir. 1996).  If the moving party demonstrates entitlement to judgment as a matter of law, the non-moving party must establish each essential element to that party's case. Howard v. BP Oil Co., Inc., 32 F.3d 520, 524 (1994).

Because the plaintiff and defendants have each filed motions for summary judgment, the factual inferences made when considering one may differ from the inferences made when considering the other. See Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Assoc., Inc., 115 F.4th 1266, 1287 (11th Cir. 2024).

**III. Analysis**

Hall filed his Complaint under 42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative

causal connection between the defendant's conduct and the constitutional deprivation.  Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1059 (11th Cir. 2001).

Hall's Complaint asserts three counts.  Count 1 contains two distinct legal theories.  Hall claims the disciplinary report and period of confinement amounted to false imprisonment or malicious prosecution.  In Count 2, Hall claims the defendants retaliated against him in violation of the First and Fourteenth Amendments by writing or approving a falsified disciplinary report.  Count 3 is a due process claim in which Hall asserts he was not served with the disciplinary report and was not given an opportunity to call witnesses.

Defendants' summary judgment motion only addresses the due process claim, not the false imprisonment, malicious prosecution, or retaliation claims.  However, the defense to the due process claim also provides a defense to false imprisonment and malicious prosecution.  Hall argues he is entitled to summary judgment on all claims.

**A.  No False Statement**

As a preliminary matter, the Court notes that while Hall characterizes the April 17, 2024 behavior management report as false, he does not identify any false statements.  In the report, Fitzpatrick states she looked towards the bathroom and saw Hall "in the doorway with the door ajar and the bathroom light off.  He

had his grey sweatpants down low past his waist, and his hand in his pants.    He abruptly removed his hand and adjusted his sweatpants to above his waist, and exited the bathroom."    (Doc. #28-5 at 2).    The implication is that Fitzpatrick suspected Hall might have been masturbating.    But as Hall stated in the behavior management hearing, she did not actually accuse him of masturbating or exposing his penis.    (Doc. #28-7 at 2).    Instead, Fitzpatrick stated what she observed and requested a review of the CCTV footage.    There is no evidence of any false statement in the behavior management report.

### B. Procedural Due Process

The Due Process Clause of the Fourteenth Amendment prohibits a State from depriving "any person of life, liberty, or property, without due process of law."    U.S. Const. amend. XIV, § 1.    "A procedural due process claim consists of two elements: (I) deprivation by state action of a protected interest in life, liberty, or property, and (II) inadequate state process."    Reed v. Goertz, 598 U.S. 230, 236 (2023).

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set the due process requirements for prison disciplinary hearings. Prisoners must receive (1) advance written notice of the charges against them, (2) an opportunity to call witnesses and present documentary evidence, and (3) a written statement by the factfinder

outlining the evidence relied on and the reasons for the disciplinary action. Wolff, 418 U.S. at 563-67.

Hall alleges he was not served with a copy of the behavior management report and was denied an opportunity to call witnesses or present evidence at the behavior management hearing. The parties dispute whether Hall was served with written notice, and the defendants do not address whether he had an opportunity to call witnesses and present evidence. But this claim still fails. First, Fitzpatrick and Cardenas were not part of the three-person hearing team, and Hall does not allege or prove any facts suggesting their actions deprived him of notice or an opportunity to present a defense. Second, Hall suffered no harm from the allegedly deficient process. He successfully presented his defense at the hearing, and the hearing team found the charge unsubstantiated. Thus, even accepting Hall's version of events as true, he does not establish a procedural due process claim.

**C. False Imprisonment**

"A false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law." Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996). A claimant must establish (1) the common law elements of false imprisonment—"intent to confine, an act resulting in confinement, and the victim's awareness of the confinement"—and (2) a Fourteenth Amendment due process violation.

Jones v. Beasley, 645 F. App'x 840, 842 (11th Cir. 2016).  "A plaintiff must also show that the defendants acted with deliberate indifference, which requires proving that the defendants subjectively knew of a risk of serious harm, and disregarded that risk by action that constitute more than mere negligence."  Id. at 842-43.

While the defendants do not directly address the false imprisonment claim, they argue Hall cannot show a Fourteenth Amendment due process violation because the consequences of the behavioral management report—three days in secure management followed by four days on wing restriction—did not implicate a protected liberty interest.  In Sandin v. Conner, the Supreme Court held that a prison inmate can only claim a due process violation if he can show deprivation of protected liberty interests, which are generally limited to (1) actions that unexpectedly alter the inmate's term of imprisonment and (2) actions that impose an atypical and significant hardship in relation to ordinary prison life. 515 U.S. 472, 484 (1995).  While Hall is not a prisoner and the FCCC is not a prison, relevant case law in the prison context "also serves to set forth the contours of the due process rights of the civilly committed."  Lavender v. Kearney, 206 F. App'x 860, 863 (11th Cir. 2006) (quoting Dolihite v. Maughon, 74 F.3d 1027, 1041 (11th Cir. 1996)).

The parties dispute the hardships imposed on Hall while in secure management.  Hall states he lacked access to hygiene items and legal materials, while the defendants claim Hall was provided hygiene items, access to a recreation area, and a tablet for legal research.  This factual dispute is immaterial.  Hall has not asserted a claim based on the conditions of his confinement in secure management or his access to courts.  Because deliberate indifference is an element of a § 1983 false imprisonment claim, Hall must show the defendants subjectively knew their actions created a risk of serious harm.

Hall's false imprisonment claim fails because he does not demonstrate that Fitzpatrick or Cardenas knew he would be subjected to atypical and significant hardships due to the behavioral management report and resulting time on secure management and wing restriction.  Accepting that Hall was subjected to additional restrictions—i.e., lack of access to hygiene items and legal materials—he does not show that Fitzpatrick or Cardenas knew their actions might lead to those additional deprivations.

In her affidavit, Fitzpatrick testified that after she submitted the behavior management report, the matter was "out of [her] hands" because she does not decide if residents like Hall are charged with rule violations.  (Doc. #28-1 at 3).  Hall does not rebut that testimony with any evidence suggesting Fitzpatrick knew he would be deprived of hygiene items and legal materials.

In short, Fitzpatrick submitted a factually true behavior management report and had no role in deciding what the consequences of that report would be for Hall.

It was Cardenas who chose to charge Hall with a rule violation after reviewing Fitzpatrick's report and the CCTV footage. But there is no evidence he that he knew or believed Hall would be subjected to atypical hardships. Temporary periods of confinement to not typically implicate liberty interests. Sandin, 515 U.S. at 486. Cardenas testified in his affidavit that residents in secure management are provided hygiene products, have access to the law library on a tablet, and are permitted recreation time. (Doc. #28-2 at 3). Hall does not rebut that testimony.

Hall fails to show that Fitzpatrick or Cardenas knew their actions would create a serious risk that he would be subjected to atypical and significant hardships. But Hall attempts to make his case on an alternative theory—that the behavior management report delayed his release from civil commitment. As proof, he submits four pages from a 48-page evaluation psychologist Amanda Graham prepared for an annual hearing to decide whether there is probable cause to believe it is safe for Hall to be released from civil commitment. See Fla. Stat. § 394.918. Page 28 of the evaluation includes a paragraph summarizing the April 17, 2024 incident. But that is not enough to show that Fitzpatrick's report changed the outcome of the hearing. Hall presents no evidence suggesting

- 10 -

Fitzpatrick's report extended his civil commitment, nor does he show that Fitzpatrick or Cardenas knew or believed their conduct would have that effect.

The defendants are entitled to summary judgment on Hall's false imprisonment claim.

### D. Malicious Prosecution

Malicious prosecution is a viable § 1983 claim if the prosecution violated the Fourth Amendment.  A plaintiff must prove the elements of the common law tort of malicious prosecution and a violation of the Fourth Amendment right to be free from unreasonable seizures.  Prospero v. Sullivan, 153 F.4th 1171, 1182-83 (11th Cir. 2025).  The common law elements are: (1) a criminal prosecution instituted or continued by the defendant (2) with malice and without probable cause (3) that terminated in the plaintiff's favor and (4) caused damage to the plaintiff.  Id. at 1183.  And the Fourth Amendment elements are a seizure (5) that was justified by a constitutionally infirm legal process and (6) that would not otherwise be justified without the legal process. Id.

Hall's malicious prosecution claim against Fitzpatrick fails because all she did was report an incident she observed.  She did not decide whether to charge Hall with a rule violation.  Nor did she decide whether Hall would be subject to a seizure (in this case, placement in secure management).  Cardenas cited Hall with

a rule violation, but Hall presents no evidence that Cardenas lacked probable cause.  It is undisputed Cardenas made the decision after reviewing the behavior management report and video footage that showed—in Cardenas's judgment—Hall engaging in conduct prohibited by FCCC rules.

The defendants are entitled to summary judgment on Hall's malicious prosecution claim.

### E. Retaliation

To succeed on a First Amendment retaliation claim, a plaintiff must establish that (1) "his speech or act was constitutionally protected," (2) "the defendant's retaliatory conduct adversely affected the protected speech," and (3) "there is a causal connection between the retaliatory actions and the adverse effect on speech."  Marsh v. Fla. Dep't of Corr., 330 F. App'x 179, 183 (11th Cir. 2009).  "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his First Amendment rights."  Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008)).

Hall claims both defendants explicitly stated they were punishing him because he filed lawsuits.  Both defendants deny making those statements, but they do not otherwise address Hall's retaliation claim in their motion.  Neither side is entitled to summary judgment on this claim.  The defendants do not argue they

are entitled to it, and Hall's only evidence of retaliatory intent is disputed.

Accordingly, it is hereby

**ORDERED:**

1. Defendants Keri Fitzpatrick and Captain Cardenas's Motion for Summary Judgment (Doc. #28) is **GRANTED** to the extent that judgment will be entered at the conclusion of the case against Hall on his due process, false imprisonment, and malicious prosecution claims.

2. Wendall Hall's Motion for Summary Judgment (Doc. #30) is **DENIED.**

3. The case remains pending on the First Amendment retaliation claim.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
All parties

- 13 -