UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL,

      Plaintiff,

v.                                    Case No:  2:24-cv-505-JES-DNF

KERI FITZPATRICK and DAKOTA
CARDENAS,

      Defendants.

_____

### OPINION AND ORDER

This matter comes before the Court on six motions filed by plaintiff Wendall Hall.  The Court will grant one and deny the rest.

On March 10, 2026, the Court entered an order on the parties' cross-motions for summary judgment, rendering moot Hall's motions for a ruling on summary judgment (Docs. #35 and #39).  The Court found the defendants entitled to summary judgment on Hall's due process, false imprisonment, and malicious prosecution claims. Hall's retaliation claim remains pending.

Hall asks the Court to reconsider its ruling on his false imprisonment and malicious prosecution claims.  (Docs. #44 and #45).  Reconsideration of a prior order is an extraordinary measure that courts should apply sparingly.  Adams v. Beoneman, 335 F.R.D. 452, 454 (M.D. Fla. 2020).  Court orders are not intended as first drafts subject to revision at a litigant's

pleasure, so a movant must establish extraordinary circumstances supporting reconsideration. Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015). "A motion for reconsideration should raise new issues, not merely readdress issues previously litigated." PaineWebber Income Props. v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).

Hall presents no extraordinary circumstances to warrant reconsideration of the Court's prior order. Rather, he attempts to relitigate issues the Court already decided. Accordingly, the Court will deny Hall's motions for reconsideration (Docs. #44 and 45).

Hall also asks the Court to hold a settlement conference or enter a trial scheduling order (Doc. #42) and to appoint counsel to represent him (Doc. #43). The Court finds that a settlement conference would be helpful in this case. If the parties are not able to settle the remaining claim, the Court will set a trial date. The Court also finds that Hall has demonstrated the ability to adequately represent himself, so it will not appoint counsel at this stage. If the case does not settle, Hall may renew his request, and the Court will consider appointment of counsel for trial.

Accordingly, it is hereby

**ORDERED:**

1. Hall's motions for ruling or judgment (Docs. #35 and #39) are **denied as moot.**

2. Hall's motions for reconsideration (Docs. #44 and #45) and motion for appointment of counsel (Doc. #43) are **denied.**

3. Hall's motion for a settlement conference (Doc. #42) is **granted.**

4. The Court **refers** this case to Magistrate Judge Nicholas Mizell for a settlement conference.  The Court will leave the details of the settlement conference to the discretion of Judge Mizell.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of March 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Hon. Nicholas P. Mizell
Copies:
All parties

- 3 -